IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Respondent/Plaintiff, | ) | |
| vs. | ) | No. 3:02-CR-0108-H(12) |
| | ) | No. 3:05-CV-0375-H (BH) |
| MICHELE REVELLE REEVES, | ) | ECF |
| ID # 28467-177, | ) | Referred to U.S. Magistrate Judge |
|     Movant/Defendant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America.

On August 8, 2002, movant pled guilty to conspiracy to manufacture and to possess with intent to distribute methamphetamine. In her plea agreement, she "waive[d] the right to appeal her sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and the defendant further agree[d] not to contest her sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255." She specifically reserved the right to appeal: "a) any punishment imposed in excess of a statutory maximum, b) any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court and c) arithmetic errors in the guidelines calculations; and d) a claim of ineffective assistance of counsel."

On October 31, 2002, the Court entered judgment upon movant's guilty plea, and sentenced her to 135 months imprisonment. Movant did not appeal her conviction or sentence.

On February 15, 2005, the Court received from movant a "Supplemental Memorandum of Law in Support of Motion Under 28 U.S.C. § 2255." Because the records of the Court reflected no previously filed motion to vacate under § 2255, the Court sent her a Magistrate Judge's Questionnaire in which it asked for specific information regarding any previously filed § 2255 petition, requested that she provide a copy of such prior filing, and asked whether she wanted the Court to construe her supplemental memorandum as a § 2255 motion if she had not actually filed a previous such motion. In response to that questionnaire, movant indicated that she mailed a § 2255 motion to the Court on September 16, 2004; submitted a copy of such motion with her response; and indicated that she did not wish the Court to construe her February 2005 filing as her § 2255 motion, but instead desires that the Court consider her original claims submitted in her original motion. The Court thus docketed the September 16, 2004 motion as an amended document.

In the September 2004 motion, as supplemented by the February 2005 memorandum, movant claims that, under *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005), the Court improperly sentenced her by utilizing factors not submitted to the jury for determination. On April 18, 2005, the Court received a request from movant for leave to amend her § 2255 motion to assert that the Court erred under *Shepard v. United States*, 544 U.S. 13 (2005) when it calculated her criminal history category.

## II. SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior

proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Such waiver is also sufficient to summarily dismiss a motion filed pursuant to § 2255. Neither *Blakely* nor *Booker* "alter the plain meaning of appeal-waiver provisions in valid plea agreements." *United States v. McKinney*, 406 F.3d 744, 747 n.5 (5th Cir. 2005). Consequently, a waiver that was signed prior to the issuance of *Blakely* and *Booker* is enforceable. *Id.* at 746-47.

In this instance, movant does not contest that she voluntarily and knowingly pled guilty. By such plea, movant voluntarily waived her right to collaterally attack her conviction or sentence in a motion to vacate, except on four specific grounds not raised in the instant motion to vacate. Thus, because movant has raised no claim specifically exempted from her waiver, her informed and voluntary waiver bars collateral relief in this case. In view of movant's waiver, it is clear that she is entitled to no relief on her *Blakely* or *Booker* claims.[1] Consequently, the Court should summarily dismiss this action. Because movant's waiver also bars collateral relief on a claim under *Shepard*, the Court should deny the request to amend.

### III. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and

---

[1] Even if movant had not voluntarily and knowingly waived her right to collaterally attack her conviction and sentence pursuant to 28 U.S.C. § 2255, claims based upon *Blakely* or *Booker* have not been made retroactively applicable on collateral review and are thus not cognizable under § 2255. *See United States v. Cabrera*, Nos. 3:01-CR-0374-H, 3:04-CV-2739-H, 2005 WL 1422154, at *1 (N.D. Tex. June 14, 2005) (findings, conclusions, and recommendation addressing initial § 2255 motion), *accepted by* unpub. order (N.D. Tex. July 11, 2005).

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court summarily **DISMISS** the instant Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255. It is further **RECOMMENDED** that the Court **DENY** movant's request to amend her § 2255 motion by including a claim under *Shepard v. United States*, 544 U.S. 13 (2005).

**SIGNED** this 7th day of November, 2006.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE